# Memorandum In Support of Petitioner's 22:41 petition.

United States Courts
Southern District of Texas
FILED

APR 18 2019

David J. Bradley, Clerk of Court

## Argument And Authorities

The state contends Appellant had access to the state's file and the indictment, if you see Exhibit(A) the District attorney claims that there is no record in the file. In Hamilton V. McCotter 772 F. 2d 171 (1985) Petitioners claim that his indictment was forged and thus never in fact returned by grand jury was not one of which petitioner or any of his lawyers could have been expected to have been aware at time of prior Habeas petition and therefore, raising that claim in Second petition did not amount to Abuse of writ 28 U.S.C.A. § 2254; Rules Governing § 2254 cases; Rule 9(b), 28 U.S.C.A. foll § 2254. Indictment forged, and lack of real indictment; (and an indictment allegation that the indictment had not been returned by a grand jury); The petitioner's claim that the indictment was forged and thus, that the petitioner was never properly before the state trial court's jurisdiction should have not been dismissed. Appellant did not raise this claim in any forum prior to the dismissal of the first Federal Habeas. the state, beyond characterizing this claim as being "completely without merit" and "incredible beyond Belief," has made no factual allegations by way rebuttal, appellant supports his claim with citations to cases which he allegedly discovered only after his First Federal petition,

and which he asserts, purport to establish that the Houston
District attorney's office was "manufacturing" fraudulent
indictment. Moreover, this allegation states grounds for which
justice might well require that a federal court reach the merits
of the issue, whether or not it were technically subject to dismissal
under Rule 9b), at least in the absence of a much clearer showing
than this record affords that the claim was wrongfully withheld
from the first federal habeas. Jones V. Estelle, 772 F. 2d at 165;
Sander's V. United States, 373 U.S. 1, 18-19, 83 S. Ct. 1068, 1078-
79, 10 L. Ed. 2d 148 (1982) The state contends I had access
to the state file and indictment. When in fact petitioner never
had access to anything because of the secrecy of the District attorney
petitioner never had access to anything except the (no information responsive
showing from their own District attorney's office that, when requested
from Exhibit (A) that it was no information responsive on appellant.
And anyway if appellant had access to the indictment and their file
at the time of appellant's first federal habeas, then why haven't
the state produced this information that their own District
attorney's office can not produce and still haven't through diligently
researching. And in a mandate that was issued to me on Thursday May
26, 2011 it clearly say in addition, as required by the Texas
Government Code, Sec. 51.204 (e), we are also notifying the
trial court clerk that we will destroy all records filed in
respect to this case, with the exception of indexes, original
opinions, minutes and general court dockets, no earlier than
twenty-five years after the mandate has issued for those

cases with a cumulative sentence of twenty (20) years or less (all cases with a sentence of more than twenty (20) years will be maintained permanently by this court.) This was from the Fourteenth Court of appeals in Houston. So you see the state does not comport or follow their own rules as required by the Texas Government Code, Sec. 51.204 (e)(1) the current claims and issues have not been and could not have been presently previously in a original application or in a previously considered application filed under this article because petitioner claim that his indictment was forged and rubber stamped and thus never in fact returned by grand jury was not one of which petitioner or any of his lawyers could have been expected to have been aware at time of prior Habeas petition and therefore, raising that claim in appellant's second Habeas petition did not amount to abuse of writ. Appellant requested the records in the above mentioned cause of one subject appellant see Exhibit (A) all (9) pages of it. This includes the name of the grand jurors who passed the indictment; their age, race, and sex as well as the jury minutes in cause # 1175985-A The states own Mandate says all cases with a sentence of more than twenty (20) years will be maintained permantly by the court. The State of Texas Harris County still hasnt produced these Government records as required by the Texas Goverment Code, Sec. 51.204 (e). Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. LaTana V. Hopper , 102 F. 2d 188; chicago V. New York, 37 F. Supp. 150

page 3 of 8

A court has no jurisdiction to determine its own jurisdiction, for a Basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army V. muncipal Court of Los Angeles, 171 P 2d 8; 331 US 549, 91 L. ed. 1666, 67 S. Ct. 1409 no officer, whether judicial or ministERIAL, decides at his own peril." Middleton V. Low (1866). 30 c, 596, citing Prosser V. Secor (1849), 5 BARB. (Ny) 607, 608 Petitioner is illegally restrained of his liberty and unlawfully confined in the Texas Department of Criminal Justice Institutional Division unit in the custody of Lorie Davis in his official capacity, at the James V. Allred unit 2101 fm 369 north Iowa Park, Texas 76367. Petitioners constitutional Rights of the State and Federal Constitution were violated when the trial court allowed petitioner to be convicted without an indictment Being presented from the Grand Jury. SEE Exhibit (A). The Texas' Constitution guarantees the petitioner the right to be Indicted By A Grand jury for all Felony offenses (see T. C. C. P. Art 32.01. Cook V. State 902 S.W. 2d 470-475 Texas Crim. App. 1995 Texas Constitution ART. I §10. In this case appellant was never indicted By A Grand Jury in violation of his 5th Amendment constitutional Rights and State constitutional rights. In attachment Exhibit (A)." it clearly states that there is no record of the Grand Jury presenting the indictment in regard to the accused. Pursuant to T. C. C. P. Art 20.012 (c) the Attorney representing the State

shall maintain and possess all the records other than stenographers notes made under this Article and any type written transcription of said record except as provided by Art. 20.02. Appellant contends that if there is no record, then there is no evidence that said Indictment was the product of the Grand Jury. The minutes of the grand jury proceedings along with the transcript of said proceeding would reveal that such proceeding took place. Being that none exists in the record and the District attorney claims that there is no record in the file and their office is responsible for keeping those Records. See Texas Government Code, Sec. 51, 204(e). It is plain that assistant District attorney in his or her zeal to obtain an Indictment, tampered with official Government Documents and thereby committed Fraud by placing on the indictment a Rubber Stamp with the Grand Jury's Foreman Signature on said charging instrument, in violation of Art. 21.02 (9) with the temptation to cut corners. Ignoring the rights of the accused and casting Fairplay to the winds in order to Gain Ascendancy. Prosecutors presenting cases to the Grand Jury are Firmly Subject to due process violations and are bound by Ethical considerations. In this case the prosecutor never presented this case to the Grand Jury as alleged to have been duly selected and Impaneled. Appellant urges this court to review the functions of that body and the rules which Govern the Conduct of the Prosecutor in making a Grand Jury Presentation. The Grand Jury Convenes as

a Body of Lay persons acting in secret unfettered By Technical Rules of Procedure or Evidence; Castello v. U.S. 350 U.S. 359, 362. 76 S. Ct. 406-408 100 Led 397 (1956) charged to indict no one or favor this Bulwark against chamber proceedings and was believed so essential to Basic Liberties That have been incorporated in THE 5TH Amendment of the US Constitution, In the United States Supremacy Clause of the Constitution set forth in article XI, Explicitly states. The Constitution and Federal Laws are the supreme Law of the Land. IT DICTATES THAT STATE Law and Policies are Void if it Directly Conflict with Federal Laws. IT is Beyond Question That a conviction Based on a Record Lacking any Relevant Evidence as to CRUCIAL Elements of the Offense Charged, Violates Due Process Laws. VACHOM VS. New Hampshire 414 US 478. the indictment was never passed down By A Grand Jury. There are no Records of any Grand Jury Proceedings. The attorney for the STATE MUST HAVE Records of Some Kind. yet Meagan Scott's File has no record OF any Grand Jury Proceedings after Being THOROUGHLY and Diligently searched By assistant Meagan Scott in Houston Harris County, Texas SEE EXHIBIT (A) Because there is no record Found, The Court must Vacate The Judgement and set aside the Indictment FOR violation OF EDDIE TYRON Shaw's Rights and that courts Had no jurisdiction over the petitioner, and SUBJECT MATTER and all proceeding

should be Void. The FIFTH Amendment Required that its required that some Evidence be provided as TO SUBSTANTIATE THAT A Valid GRAND Jury passed down the Indictment insTEAD OF the PRIMA Facie version that the Court Relied upon. The law is that A Dismissal OF an Indictment is JustiFied to Achieve two oBjectives: 1) TO Eliminate Prejudice to Petitioner and 2) TO Prevent ProsecutoriAL impAirment OF The GRAND Jury's Independent Role. The Fact OF the Prosecutor signing an Indictment as iF it were presented By A GRAND Jury when in Fact There is No Record TO Support That GrAnd Jury actually passed upon Documents is OF Criminal acts and Fundamentally iNFiRmative. Such is ABUSE OF Power and AuthoRiTY OF PubLic OFFice. Cook V. STATE 902 S.W. 2d 471-475 CTEX CRIm. APP, 1995) TEX. ConsT ART. I § 10 Petitioner is unlawFully Being Held in Texas Department OF Criminal Justice Division And the District attorney's OFFice has acknowledBED THAT There is No recoed OF the case to SUBSTANTIATE ThAT This case has been passed down By a GRAND JURY. SEE HiBiT (A) AttAched to this 2241 petition Form. This consTiTutes new Evidence that could not Be dis covered through Due DiliGence Because OF the Secrecy OF the GrAnd Jury Proceedings. See also

page 7 OF 8

Hamilton V. McCotter 772 F. 2d 171 (1985) Petitioner: claim that his indictment was forged and thus never in fact returned By Grand Jury was not one of which petitioner or any of his Lawyers could have Been expected to have been aware at time of prior Habeas petition and therefore raising that claim in Second Habeas petition did not amount to Abuse of writ. If there is no Record, the indictment is unlawful and must Be Set aside and Judgement VACATED. Whenever it Appears THAT THE Court Lacks SUBJECT - MATTER. the court is DeLeGATED TO DisMiss THE Action Willy V. Coastal Corp. 503 U.S. 131, 136. 137: US V. TEXAS 252 F. Supp. 234, 254 TO TRY A Person For A Crime The Trial court must Have Jurisdiction AD-SUBCIEN Dum. There must Be a Record THAT Support any Indictment. Appellant prays That court. Dismiss Indictment Based on the Evidence herein. VIA The Texas Open Records Act. Harris County District attorney Office, whom are the sole custodian of said records have stated that there is no Record of said cause Being presented to A Lawfully and Empaneled Grand Jury SEE EXHIBIT(A) Appellant Request the court GRANT him Relief in this Matter. Applicant discovered From An independant source from an inquiry through the

Open records Act that there is no record of his indictment being returned by Grand Jury of Houston; but said indictment was a Fraud upon the court and indictment was in Fact forged and did not confer Jurisdiction on court in violation of the following statues and Penal Code § 37.01, 37.02, 37.09 (1)(2), 37.10(A)(2)(3)(4)(5), 37.17(2), 39.01, 39.02, 39.03, 39.06, 71.01 Statues; U.S.C.A. Const. 5th $ 14 Amends, V.T.C.A. const. Arts. I §10, I §19, V §12(b) V.T.C.C.P. Arts. 20.25, Applicant could not have discovered through due Diligence that art. 19.06 T.C.C.P. is unconstitutionally applied by county in violation of the 14th Amend., and did not represent A fair cross section of the community, said commissioners were in violation of the jury selection service Act of 1968. Applicant learned through a concerned citizen that there is no record no minutes and no transcript. Applicant claims that this information could not have been discovered through due diligence because such information is in sole control of the District attorney's agent Kim K. Ogg and Meagan Scott, and inmates never get this through Texas Open Records Act themselves unless someone from the outside file for this. And this information still has not been turned over to me when Harris County District attorney says I have access to this and does not explain why the District Attorney of Houston has not produced the jury minutes, the record and or explained who passed this indictment on me the names, ages, race, or whatever. In Texas Government Code, Sec. 51.204(e) all cases with a sentence of more than (20) years will be maintained permanently by this court). In Exhibit (A) Attached meagan Scott and Kim K. Ogg both said a search of their records has revealed that they possess no information responsive to a concerned citizens request, also Attorney General of Texas Mr. Ken Paxton requested a written response to a notification letter giving them (10) Business days with a certification form attached in order to expedite a response. The complaint was assigned ID # 681282 Meagan Scott said Harris county District attorney office certify that she had conducted a good faith search of information

that this governmental body owns, controls, or has a right of access to, and she have found no such information that is responsive to the request of a concerned citizen or applicant. Meagan Scott admitted she didn't have this information for Harris County in Houston, so it shouldn't be a reason why they will produce this now unless they have been lieing to Attorney General of Texas Mr. Ken Paxton and A concerned citizen or applicant also. When Harris County District attorney Meagan Scott sent a certification from their Governmental Body see Exhibit(A) Attached ID # 681282 Harris County has the right to store the records of the Governments properly and sealed by Government Code 51,204(e) since Harris County District attorney is the sole control agent they must store and sealed these records permanently with a sentence of (20) years or more. Appilant contends indictment was FORGED and said cause is a FRAUD Before the court. The indictment is Void and in want of jurisdiction. Appellant is challenging the RESTRAINT that Texas Department of Criminal Justice and HARRIS County in Houston has on applicant. Applicant urges the court that the disclosure by District Attorney's office. that there is no records that applicant case was presented by a Grand Jury to the court constitutes Brady material see Brady V. Maryland, 373 U.S. 83(1963). The state has affirmative duty to disclose all material, exculpatory evidence to the defense under BRADY. Evidence is material only if there is a reasonable probability, that, had evidence been disclosed to the defense, the results would have been different. Exparte Adams, 768 S.W. 2d 281 (Tex. Crim. app (1989); Applicant would urge the court; If the information was devulged to the defense the outcome of the proceedings would have been different. The case would have Been dismissed with prejudice. District Attorney of HARRIS County in Houston official oppression By taking Blank indictment and passing it off as Being generated as Being returned By A Grand Jury. This could not Be discovered From due diligence because the state prevented applicant From retaining such information From District attorney's file and the secrecy of Grand Juries as codified in T.C.C.P. Art. 20.02(B) that transpeeancy was not available. It is apperent that the repeal of Article 19.06 By the state Legislators constitutes new evidence and indictment

9 of 9

was forged of as well as Brady material and that the current claims and issues have not been presented previously in An original application filed under this Article because the Factual or Legal Basis for the claim was unavailable on the date the applicant filed his previously application because indictment was forged and the secrecy of the District attorney Meagan Scott and Ms. Kim K. Ogg. of Harris county. Furthermore for Absolute want of Jurisdiction the proceedings before the court are Void, and such evidence vitiate courts jurisdiction and vitiates charging instrument. A unanimous court stated in Smith V. Texas 311 U.S. 128, 130 (1940) that "[I]t is part of the established tradition in the use of juries as instruments of public justice that a jury Be a Body truly representative of the community. And of course the State of Texas Harris County District attorney are going to say they have a copy of the Indictment and transcript they are forwarding to the court, but it does not explain or justify who passed the indictment on applicant or the jury minutes that are unaccounted for or the names, ages, race or sex of the Grand Jury. It's obvious that something is not right here and why Harris County District Attorney cannot produce these records, or why they are not there as required By Texas Government Code 51, 204 (E) These records are suppose to be maintained permanently and sealed with a sentence of more than (20) or more years. The District Attorney of Harris County in Houston is Hideing something from the Attorney General of Texas Ken Paxton, the applicant as well as the concerned citizen of applicant in order to keep a conviction. The indictment was FORGED and FRAUD was committed for deceit or trickery to gain unfair or dishonest advantage upon applicant. Applicant was shown prejudice.

10 OF 10