United States District Court
Southern District of Texas
**ENTERED**
July 02, 2019
David J. Bradley, Clerk

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Eddie Tyron Shaw, §
    Petitioner, §
        §
v. §
        §
        § Civil Action H-19-1426
Lorie Davis, §
Director, Texas Department of §
Criminal Justice, Correctional §
Institutions Division, §
    Respondent. §

## Memorandum and Recommendation

Eddie Tyron Shaw filed a document that was docketed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Because Shaw's petition alleges that he is in state custody as the result of a wrongful conviction, the court construes the petition as one pursuant to 28 U.S.C. § 2254. Because this is Shaw's second such petition, it is successive. The court recommends that the petition be transferred to the Fifth Circuit Court of Appeals where Shaw can seek an order authorizing the case to proceed in this court.

Shaw's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides that a claim presented in a second petition that was not raised in a prior petition shall be dismissed unless the claim relies on a new rule of constitutional law made retroactive, the factual predicate for the claim could not have been discovered previously, or the facts underlying the claim are sufficient to prove that but for the constitutional error no reasonable factfinder would have found petitioner guilty. 28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the circuit court of appeals, district courts lack jurisdiction to entertain successive petitions. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Shaw filed his first federal habeas petition challenging his conviction on November 21, 2013, in cause number 4:15-cv-631. That petition was dismissed with prejudice on June 15, 2016. Shaw filed the instant petition challenging the same conviction on April 18, 2019. He alleges that the grand jury indictment against him was forged. He did not raise this claim in his first petition and argues that he could not have done so because the alleged forgery was not known to him until recently.

Because the instant petition is successive, Shaw was required to seek authorization in the Fifth Circuit. 28 U.S.C. § 2244(3)(A). He failed to do so. This court lacks jurisdiction. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000) (cited in *Seymore v. Davis*, Civ. No. H-18-1030, 2018 WL 1697126, at *1 (S.D. Tex. Apr. 5, 2018)).

A district court may transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2) if doing so would serve the interest of justice. *See* 28 U.S.C. § 1631; *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The court recommends that Shaw's petition be transferred to the Fifth Circuit Court of Appeals where Shaw can seek an order authorizing this court to consider the petition.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *see also Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 1, 2019.

_____
Peter Bray
United States Magistrate Judge